IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALFREDO CONTRERAS
and ALICIA CONTRERAS,

    Plaintiffs,

v.                                 No. 3:17-cv-00530-DRH-SCW

CRST Expedited, Inc.
and Antoine Dortch,

    Defendants.

## ORDER

**HERNDON, District Judge:**

The instant matter is raised *sua sponte* as part of the Court's independent obligation to assure itself of jurisdiction over the parties' dispute. *See Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) (explaining first thing federal judge should do when complaint is filed is check if federal jurisdiction is properly alleged). Based on the following, defendants are **GRANTED** leave to cure pleading defects or the case will be remanded.

## DISCUSSION

In May 2017, defendants CRST Expedited, Inc. and Antoine Dortch ("defendants") filed a Notice of Removal to this Court from the Third Judicial Circuit Court in Madison County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Doc. 1). The notice stated plaintiffs Alfredo and Alicia Contreras ("plaintiffs") are residents of Edinburg, Texas, but failed to allege their citizenship

(*Id.* at 2). Further, the notice failed to allege citizenship of corporate defendant CRST Expedited, Inc., as well as, defendant Antoine Dortch (*Id.*).

The Court notes the allegations are not sufficient and therefore cannot ascertain whether diversity jurisdiction exists based on information in the Notice of Removal. *See Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (stating jurisdictional allegations are grossly inadequate in establishing diversity jurisdiction where party alleges state of residence but not of citizenship); *see also Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009) (clarifying residence and citizenship are not synonymous; only citizenship matters for purposes of diversity jurisdiction). "[W]hen the parties allege residence but not citizenship, the court must dismiss the suit." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guar. Nat'l Title Co., v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)).

However, rather than ordering dismissal at this juncture, the Court **GRANTS** defendants twenty-one days (21) leave or until June 13, 2017, **to cure pleading defects** or the case will be remanded.

**IT IS SO ORDERED**.

Signed this 23rd day of May, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.05.23 15:06:00 -05'00'

**UNITED STATES DISTRICT JUDGE**